IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTINE and GEORGE SCHROEDER,

                Plaintiffs,

v.

FRANK TOMLANOVICH and
COUNTY OF VILAS,

                Defendants.

ORDER

08-cv-70-slc

---

Plaintiffs Kristine and George Schroeder brought this civil rights claim under 42 U.S.C. § 1983 and state law challenging defendant Frank Tomlanovich's search of their home and his seizure of various items, including their computers and credit cards.[1] Although defendant obtained a warrant authorizing the search, plaintiffs argued that the warrant was invalid under the Fourth Amendment because defendant intentionally or recklessly omitted information that would have defeated probable cause if it had been included in the search warrant affidavit. *Neiman v. Keane*, 232 F.3d 577, 580 (7th Cir. 2000).

Defendant filed a motion for summary judgment, which the court granted with respect to plaintiffs' search and seizure claim on the ground that defendant was entitled to qualified immunity because the law was not clearly established that defendant's conduct violated the Fourth Amendment. Dkt. 43.[2] The court allowed two other claims to proceed to trial, which

---

[1] I will refer to Tomlanovich simply as "defendant" because Vilas County is being sued for the purpose of indemnification only.

[2] Judge Crabb decided defendants' motion for summary judgment. The parties have since stipulated to my jurisdiction over the case. Dkt. 38 and 40.

is scheduled for July 20, 2009. Dkt. 39.

Now before the court is plaintiffs' "motion for final injunction directing return of seized property." Dkt. 41. In their motion, plaintiffs point out that the qualified immunity defense applies to claims for money damages, not injunctive relief, *e.g., Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993), and that under their reading of the summary judgment opinion, the court found a Fourth Amendment violation, albeit one that was not clearly established. Accordingly, they argue that defendant has no authority to retain the items he seized from their home in March 2007. (Plaintiffs have not yet been charged with a crime but defendant says that the investigation is "ongoing.")

A threshold problem with plaintiffs' motion is that it seeks relief on a claim that is no longer part of the lawsuit. The court granted defendant's motion for summary judgment not just with respect to a request for money damages but "with respect to plaintiffs Kristine Schroeder's and George Schroeder's *claim* that defendant Tomlanovich searched their home in violation of the Fourth Amendment." Dkt. 43, at 18. This is because plaintiffs' complaint includes a request for money damages only; the complaint says nothing about return of the seized property. I cannot grant relief that plaintiffs never requested on a claim that has been dismissed.

It appears that plaintiffs, having lost on summary judgment, are trying to reshape their claim so that they do not walk away completely empty handed. However, before plaintiffs could obtain an order for return of their property under the Fourth Amendment, they would have to request that the summary judgment order be vacated and then seek leave to amend their

2

complaint. *Cf. Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) ("the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment"). At this stage of the proceedings, it is unlikely that such a motion would be granted. *Cf. Bethany Pharmacal, Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001) (court did not err in denying motion to amend complaint when defendant had already filed motion for summary judgment).

ORDER

It is ORDERED that plaintiffs' "motion for final injunction directing return of seized property", dkt. 41, is DENIED.

Entered this 16th day of April, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge